UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Wayne J. Jewell

   v.                                                Civil No. 10-cv-466-SM

U.S. Department of Veterans
Affairs et al.[1]

**O R D E R**

Pro se plaintiff Wayne J. Jewell has filed suit, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 - 2680 ("FTCA"), alleging tortious acts by Dr. Rothwangl and Dr. Rivet of the Manchester Veterans Affairs Medical Center ("MVAMC"). Because plaintiff is proceeding pro se and in forma pauperis, the complaint is before me for preliminary review to determine if he has stated a claim upon which relief may be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review of the complaint. Id. In

---

[1] Plaintiff has named the United States Department of Veterans Affairs, and Dr. Rothwangl, and Dr. Rivet, whose first names are unknown, as defendants to this action.

conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).

"The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

### Background

In October 2009, Jewell went to the MVAMC for an appointment. To his surprise, he was told to go to same day surgery for a colonoscopy. Jewell had not undertaken any preparation for a colonoscopy prior to the appointment.

As directed, Jewell underwent the procedure and received an injection of medication, which sedated him. Dr. Rothwangl performed the colonoscopy in the presence of Dr. Rivet, Jewell's doctor.

When Jewell woke up after the procedure, Dr. Rothwangl told him that everything was fine. The procedure, however, caused

Jewell to suffer injury and ongoing pain and suffering.  Jewell developed painful hemorrhoids and rectal bleeding.  Jewell claims that his injuries were the result of negligence on the part of Rothwangl and Rivet, the MVAMC doctors responsible for his care.

On December 21, 2009, Jewell sent a letter notifying the Department of Veterans Affairs ("VA") of his claims relating to hemorrhoids and rectal bleeding.  The VA deemed Jewell's December 21, 2009, letter to be a claim for disability benefits for an injury caused by VA negligence, pursuant to 38 U.S.C. § 1151, and denied the claim for disability benefits in a "rating decision" dated August 26, 2010.  Jewell filed this lawsuit on December 16, 2010.

## Discussion

### A.   Failure to Name United States as Defendant

"The FTCA waives the sovereign immunity of the United States with respect to tort claims, see 28 U.S.C. § 2674, and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment."  Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).  The named defendant in an FTCA complaint should be "the United States and only the United States."  Id.; see also 28

U.S.C. §§ 1346(b), 2674, and 2679(a). The failure to name the United States as the defendant will render an FTCA claim subject to dismissal. Roman, 224 F.3d at 27.

Jewell claims here that Drs. Rothwangl and Rivet, acting within the scope of their federal employment at the MVAMC, committed a tort against him, and he has named those doctors and the VA as defendants. To maintain this action, however, Jewell must substitute the United States for the named defendants.

B.   Presentation of Claim to VA

Before a party may bring a tort claim against the United States under the FTCA, the party must "file an Administrative Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency." Roman, 224 F.3d at 27 (citing 28 U.S.C. §§ 2401(b), 2675). The purpose of the administrative claim requirement is to provide sufficient notice to the government to enable it to investigate the claim to determine if settlement is appropriate. See Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997). The administrative claim requirement is jurisdictional. Id. at 323 n.8.

The administrative claim must state the amount of damages sought. See id. ("A federal court has no jurisdiction to entertain a suit against the United States unless a claimant has presented, in writing, a claim stating a sum certain."); Santiago-Ramirez v. Sec'y of Dep't of Defense, 984 F.2d 16, 19 (1st Cir. 1993); see also 28 C.F.R. § 14.2 ("For purposes of the [FTCA], a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . .").

The record before me contains limited information from which I can infer that Jewell presented a demand for money damages to the VA. Jewell has alleged that he notified the VA about his claim by way of a letter dated December 21, 2009, with the intent of complying with 28 U.S.C. § 2675(a), to give the VA an opportunity to settle the matter, but Jewell has not filed a copy of that letter as an exhibit. Rather, Jewell has filed as an exhibit the first page of a VA letter, dated August 26, 2010, which Jewell alleges constitutes the VA's decision rejecting his claim. That letter, however, is a VA "rating decision," denying

6

a disability benefits claim, filed by Jewell pursuant to 38 U.S.C. § 1151.  The VA's rating decision indicates that it was issued in response to Jewell's claim for disability benefits for hemorrhoids and rectal bleeding.  Section 1151 provides for VA disability benefits if a claimant can show that his or her disabilities were "caused by . . . medical or surgical treatment, or examination furnished the veteran . . . in a [VA] facility . . . and the proximate cause of the disability . . . was . . . carelessness, negligence, . . . or similar instance of fault on the part of the [VA] in furnishing the . . . treatment, or examination . . . ."  38 U.S.C. § 1151.

　　It is entirely possible that the December 21 letter presented to the VA an administrative claim for money damages for the purposes of the FTCA, and also constituted a claim for disability benefits under section 1151.  It is also possible that the letter only presented a claim for disability benefits without demanding a sum certain in money damages, as required under the FTCA.  To clarify that ambiguity, Jewell must file in this court an amended complaint, including a copy of the December 21 letter, to demonstrate that he presented to the VA a claim for money damages.  See LR 4.3(d)(1)(B)(ii) (magistrate judge may grant party leave to file amended complaint).

7

<u>Conclusion</u>

Within 30 days of the date of this Order, Jewell shall file an amended complaint. The amended complaint shall drop the named defendants and shall name the United States of America as the sole defendant. The amended complaint shall also include, as an exhibit, a copy of the December 21, 2009, letter sent by Jewell to the VA, for the purpose of demonstrating that Jewell presented his FTCA claim for money damages to the VA, prior to filing this lawsuit.

Jewell's failure to comply with the terms of this Order may result in a recommendation that his complaint be dismissed for lack of jurisdiction.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 24, 2011

cc:  Wayne J. Jewell, pro se

LBM:nmd