UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Wayne J. Jewell

   v.                                                                     Civil No. 10-cv-466-SM

United States[1]

**REPORT AND RECOMMENDATION**

Before the Court is the amended complaint (doc. no. 6) filed by plaintiff, Wayne J. Jewell. Jewell filed an amended complaint in response to this Court's Order (doc. no. 5), issued January 24, 2011, directing Jewell to demonstrate that he had exhausted his administrative remedies on his claim, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 - 2680 ("FTCA"). Jewell has claimed that he suffered injuries due to the malpractice of doctors at the Manchester Veterans Affairs Medical Center ("MVAMC"). Because Jewell is proceeding pro se and in forma pauperis, the amended complaint (doc. no. 6) is before the Court for preliminary review to determine if Jewell

---

[1] Jewell initially named as defendants the United States Department of Veterans Affairs and Drs. Rothwangl and Rivet, whose first names are unknown. This Court directed Jewell to substitute the United States as the sole defendant (doc no. 5). See Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (United States is proper defendant to suit filed under Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 – 2680).

has stated a claim upon which relief may be granted. <u>See</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

## Background

In October 2009, Jewell went to the MVAMC for an appointment and was told to undergo a colonoscopy. Jewell was surprised, as he had not prepared for the procedure. Dr. Rothwangl, in the presence of Dr. Rivet, performed the procedure and afterwards told Jewell that everything was fine. As a result of what Jewell claims was an improperly conducted colonoscopy, Jewell suffered rectal bleeding and hemorrhoids and continues to have ongoing pain and suffering.

On December 21, 2009, Jewell sent a letter to the United States Department of Veterans Affairs ("VA") to notify the agency regarding his malpractice claim. That letter, Exhibit 1 to the amended complaint (doc. no. 6), lists as its subject "Notice Pursuant to 28 C.F.R. 171 § 2675 [sic]." The letter describes the facts relating to the colonoscopy and asserts that Jewell suffered malpractice causing him injuries, including "unnecessary and ongoing pain and suffering" and "painful hemorrhoids and rectal bleeding." The letter expresses Jewell's understanding that he must provide the VA notice and an

opportunity to settle before filing a lawsuit under the FTCA. The letter concludes by quoting 28 U.S.C. § 2675(a), which provides, in pertinent part, that a party injured by the tortious conduct of a federal employee must file a claim with the agency before filing a lawsuit.  The letter does not demand money damages or place a value on the extent of Jewell's injuries.

The VA treated the December 2009 letter as a request for disability benefits, filed under 38 U.S.C. § 1151,[2] and denied the claim in a "rating decision" sent by mail to Jewell, dated August 26, 2010.  Jewell filed the first page of that August 2010 letter as Exhibit 1 to his original complaint (doc. no. 1), asserting that the VA's rating decision constituted the agency's denial of his administrative claim filed under the FTCA.

On February 14, 2011, Jewell sent a second letter to the VA, regarding his claim.  That letter's subject line states, "Further Notice Pursuant to 28 C.F.R. 171 § 2675 [sic]."  The February 2011 letter refers to the December 2009 letter,

---

[2]Section 1151 provides for VA disability benefits if a claimant can show that his or her disabilities were "caused by . . . medical or surgical treatment, or examination furnished the veteran . . . in a [VA] facility . . . and the proximate cause of the disability . . . was . . . carelessness, negligence, . . . or similar instance of fault on the part of the [VA] in furnishing the . . . treatment, or examination . . . ."  38 U.S.C. § 1151.

recounts facts relating to the colonoscopy and Jewell's injuries, and includes a sum certain demand for money damages. The record does not indicate whether the VA has responded to Jewell's February 2011 letter, and less than one month has passed since the VA received that letter.

## Discussion

Before a party may bring a tort claim against the United States under the FTCA, the party must file an administrative claim with the appropriate agency. See Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000). The purpose of the administrative claim requirement is to provide the agency sufficient notice to enable it to investigate the claim to determine if settlement is appropriate. See Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997). The administrative claim requirement is jurisdictional. Id. at 323 n.8.

The administrative claim must state the amount of damages sought. See id.; Santiago-Ramirez v. Sec'y of Dep't of Defense, 984 F.2d 16, 19 (1st Cir. 1993). "A federal court has no jurisdiction to entertain a suit against the United States unless a claimant has presented, in writing, a claim stating a sum certain." Coska, 114 F.3d at 323 n.8.

Jewell's December 2009 letter did not include a demand for money damages, or otherwise include sufficient information to enable the VA to determine if the claim could be settled without litigation.  The record indicates that the VA did not treat the December 2009 letter as proving notice of an administrative claim under the FTCA.  Finding that the December 2011 letter did not satisfy the administrative claim presentation requirement, the Court must conclude that it lacked subject matter jurisdiction over Jewell's FTCA claim at the time this action was filed.  See Coska, 114 F.3d at 323 n.8.

Jewell's follow-up letter to the VA, dated February 14, 2011, included a sum certain demand, but that letter did not cure the jurisdictional problem with this case.  The FTCA provides that a federal lawsuit may be filed after the agency denies the administrative claim, or fails to dispose of the claim within six months.  See 28 U.S.C. § 2675(a); Roman, 224 F.3d at 27.  "Under the FTCA, a court suit filed before exhaustion does not ripen but is barred."  Velez-Diaz v. United States, 507 F.3d 717, 717 (1st Cir. 2007) (citing McNeil v. United States, 508 U.S. 106, 112-13 (1993)).  In other words, the Court may not allow a lawsuit filed prematurely to languish

on the docket, while a party exhausts his or her administrative remedies.

Because Jewell filed this action prematurely, it should be dismissed without prejudice for lack of subject matter jurisdiction. If the VA denies Jewell's February 2011 demand or fails to respond to that demand within six months, see 28 U.S.C. § 2675(a), Jewell may thereafter file an FTCA claim against the United States in this Court, within the limitations period specified in the FTCA. See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

## Conclusion

For the foregoing reasons, this case should be dismissed without prejudice, for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's

order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: February 23, 2011

cc:  Wayne J. Jewell, pro se

LBM:nmd